NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted October 2, 2008[*]
Decided October 7, 2008

**Before**

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 08-1236

| | |
|---|---|
| MENDY MASSENA, | Petition for Review of an Order of the |
| *Petitioner*, | Board of Immigration Appeals. |
| | |
| *v.* | No. A 47 632 361 |
| | |
| MICHAEL B. MUKASEY, Attorney General of the United States, | |
| *Respondent*. | |

**O R D E R**

The Department of Homeland Security ordered Mendy Massena removed based on its finding that Massena had been convicted of two aggravated felonies: assault and battery and drug trafficking.  After the Board of Immigration Appeals summarily affirmed the Immigration Judge's decision denying Massena withholding of removal and relief under the Convention Against Torture, Massena petitioned this court for review.  Because we lack

---

[*]After an examination of the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the petition for review is submitted on the briefs and record.  *See* FED. R. APP. P. 34(a)(2).

jurisdiction to review either the DHS's removal order or the IJ's discretionary denial of withholding of removal based on Massena's conviction for a particularly serious crime, we dismiss the petition for review.

Massena, who is 19 today, left Haiti for America at the age of eleven to join his father, step-mother, and siblings in Boston in 2000. Along with his family members, he became a permanent resident of the United States. In October 2006, while still in high school, he was charged with assault and battery on a police officer, possessing crack cocaine with intent to distribute, and resisting arrest. He pleaded guilty to possessing crack cocaine with intent to distribute in violation of Massachusetts Chapter 94C, § 32A(a), and was placed on probation for two years. Four months later, in January 2007, Massena was charged with two counts of assault and battery, one of which involved the use of a dangerous weapon. He pleaded guilty to both counts and was sentenced to two years' imprisonment.

On the basis of Massena's conviction for assault and battery with a dangerous weapon, DHS charged that Massena was subject to removal from the United States pursuant to 8 U.S.C. § 101(a)(43)(F), and Massena was taken into custody. DHS later added as a second basis for removal Massena's 2006 conviction for possession of crack with intent to distribute.

In September 2007 Massena applied for withholding of removal and relief under the Convention Against Torture (CAT), claiming that he feared returning to Haiti. Massena testified at a hearing on his application that, on two separate occasions while he was still a child living in Haiti, gang members affiliated with political parties came to his home, fired their guns, and admonished Massena that he must join them once he became an adult. In addition, Massena submitted articles detailing the rising crime in Haiti and letters from his family urging the immigration court to allow him to stay in the country.

Massena's convictions for aggravated felonies would make him ineligible for withholding of removal if either qualified as a "particularly serious" crime. *See* 8 U.S.C. § 1231(b)(3)(B)(ii); *Tunis v. Gonzales*, 447 F.3d 547, 548-49 (7th Cir. 2006). Neither conviction however, automatically qualified as "particularly serious" because Massena did not serve five or more years of imprisonment for either of them. *See Petrov v. Gonzales*, 464 F.3d 800, 801 (7th Cir. 2006). It was thus up to the immigration judge to decide, as a matter of discretion, whether at least one of Massena's aggravated felonies was particularly serious. *See id.*; *Tunis*, 447 F.3d at 549. The IJ reasoned that Massena's drug-trafficking conviction was his most serious, and cited *In re Y-L*, 23 I. & N. Dec. 270, 274 (BIA 2002), for the proposition that drug-trafficking crimes should be deemed "particularly serious" absent extraordinary and compelling circumstances. The IJ discerned nothing unusual about

Massena's case and thus found that his crack conviction was particularly serious. Finally, the IJ rejected Massena's CAT claim. In his appeal to the BIA, Massena challenged only the IJ's determination that his drug-trafficking crime was particularly serious and precluded withholding of removal.

In his petition for review Massena renews only his argument that his possession of crack with intent to distribute was not a particularly serious crime. But we lack jurisdiction to review a final order of removal in any case where the alien is subject to removal based on a conviction for an aggravated felony. 8 U.S.C. § 1252(a)(2)(C); *Zamora-Mallari v. Mukasey*, 514 F.3d 679, 693-94 (7th Cir. 2008). Furthermore, an IJ's discretionary determination that the underlying crime was "particularly serious" is also beyond our jurisdiction to review. *See* 8 U.S.C. § 1252(a)(2)(B)(ii); *Petrov*, 464 F.3d at 801-02; *Ali v. Achim*, 468 F.3d 462, 470 (7th Cir. 2006). Therefore we retain jurisdiction only to ensure that the IJ did not commit legal or constitutional error. *See Tunis*, 447 F.3d at 549; *Ali*, 468 F.3d at 470. And so Massena tries to characterize his argument as one illuminating a legal error. But despite Massena's protestations to the contrary, the IJ correctly cited both the general rule governing whether a conviction constituted a particularly serious crime and the more particular rule regarding drug-trafficking crimes articulated in *In re Y-L*. *See Bosede v. Mukasey*, 512 F.3d 946, 950-51 (7th Cir. 2008). We thus lack jurisdiction to further review the IJ's discretionary determination.

Accordingly, we DISMISS the petition for review.